# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

Deobrah A. Cohen, )
                                              )
      Plaintiff, )
                                              )      Civil Action No. 2:16-1238-RMG
vs. )
                                              )
Nancy Berryhill, Acting Commissioner )
of Social Security, )      **AMENDED ORDER**
                                              )
      Defendant. )
                                              )

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on July 31, 2017, recommending that the Court reverse the decision of the Commissioner and award DIB. (Dkt. No. 23). The Commissioner filed objections to the Report and Recommendation. (Dkt. No. 25). As more fully set forth below, the Court adopts the R & R of the Magistrate Judge as the order of the Court, reverses the decision of the Commissioner, and remands for the award of DIB.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1545. The regulation, known as the "Treating Physician Rule," imposes a duty on the Commissioner to "evaluate every medical opinion we receive." *Id.* § 404.1527(c). The Commissioner "[g]enerally . . . give[s] more weight to opinions from . . . treating sources" based on the view that "these sources are likely to be the medical professionals

most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2). Further, the Commissioner "[g]enerally . . . give[s] more weight to the opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." *Id.* § 404.1527(c)(1).

Under some circumstances, the opinions of the treating physicians are to be accorded controlling weight. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh those opinions in light of a broad range of specifically identified factors, including the examining relationship, the nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician is a specialist. *Id.* §§ 404.1527(c)(1)-(5). The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. SSR 96-2P, 61 Fed. Reg. 34490, 34492 (July 2, 1996). Under the Treating Physician Rule, preference is generally given to the opinions of treating physicians over the opinions of non-examining chart reviewers or one time examiners. 20 C.F.R. §§ 404.1527(c)(1), (2).

## Discussion

It is important at the outset to set forth the present posture of this appeal. This case arises from an appeal in which the Commissioner awarded benefits to the claimant from October 1, 2013, based upon the claimant reaching 55 years of age and qualifying as a "person of advanced age." Tr. 636. Therefore, this appeal addresses the claimant's application of benefits from his

alleged disability onset date of August 1, 2010 until September 30, 2013. Tr. 632. Further, in the course of this protracted appeal, now running nearly seven years, the claimant passed away (on November 7, 2016), and his daughter was allowed to be substituted as the plaintiff for purposes of obtaining judicial review of the DIB claim. (Dkt. No. 22).

The Magistrate Judge has skillfully set forth the factual background of the claimant's disability appeal (making recitation here unnecessary) and correctly concluded that reversal of the decision of the Commissioner is required under controlling law. The R & R further sets forth the remarkable circumstances presented by this appeal and properly concludes that this Court should remand this matter to the agency with an order to award DIB. For these reasons, the Court adopts the R & R of the Magistrate Judge as the order of this Court, with further elaboration set forth below.

This appeal raises two fundamental legal principles vital to the proper enforcement of the Social Security Act and its controlling regulations: the duty of the Commissioner to (1) apply and enforce the provisions of the Treating Physician Rule; and (2) abide by the decisions of the United States District Court in reversing and remanding a decision under the Social Security Act. The Treating Physician Rule obligates the Commissioner to weigh all medical opinions under standards which provide special deference to the opinions of treating, examining and specialist physicians. 20 C.F.R. § 404.1527(c). Administrative law judges are further prohibited from substituting their medical opinions for those of medical providers, which the Fourth Circuit recently referred to as the prohibited practice of the ALJ "playing doctor." *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017).

This disability claim appeal first came before the District Court following a December

2012 decision in which the ALJ gave "little weight" to the opinions of Dr. Brent Hamilton, the claimant's treating nephrologist. Dr. Hamilton provided a written opinion that Plaintiff's chronic kidney disease limited him to sedentary work. This opinion was based on the fact that the claimant's kidney disease produced fluid retention and anemia, causing "fatigue, decreased energy, and concentration difficulties." Tr. 616. Due to the claimant's age and other factors, a limitation to sedentary work would render the claimant disabled under the Social Security Act.

The ALJ concluded that Dr. Hamilton's opinions were entitled to "little weight" because his opinion regarding the claimant's fatigue was not related to exertional activity and it appeared that the physician "prepared this report as an accommodation to the claimant and based on his subjective complaints." Tr. 20. The ALJ decision was reversed by this Court in a July 2015 order, which found that the ALJ's stated bases for rejecting Dr. Hamilton's opinions did not constitute "good reasons" under the Act. Tr. 677-78, 680-91. The Court specifically noted that the rejection of Dr. Hamilton's opinion regarding fatigue because it was a non-exertional symptom of the claimant's chronic kidney disease was legally improper and the ALJ had failed to accord proper weight to Dr. Hamilton's opinions because of his status as a treating specialist physician. Tr. 684-89

The Court's July 2015 order reversed and remanded the matter to the Social Security Administration "for further proceedings consistent with this order." Tr. 678. The agency thereafter assigned this disability appeal to the same ALJ, who issued a new decision in March 2016 denying the claimant's disability claim and finding again that Dr. Hamilton's opinions were entitled to "little weight." The ALJ gave virtually identical reasons for rejecting Dr. Hamilton's opinions that had previously been rejected by this Court. Tr. 635-36. The Magistrate Judge

issued a new R & R in this case on July 31, 2017, recommending the reversal of the ALJ's decision, noting the clear violation of the Treating Physician Rule. (Dkt. No. 23 at 7-13).

As the Magistrate Judge ably set forth in her most recent R & R, Dr. Hamilton continues to be the only treating and specialist physician who has offered opinions in this record regarding the effects and consequences of the claimant's chronic kidney disease. Further, the record contains office notes and laboratory studies documenting the claimant's advanced kidney disease, chronic renal failure and abnormal kidney function-related laboratory studies. Tr. 593-607, 894-909. Providing "little weight" to the opinions of Dr. Hamilton under these circumstances plainly violates the provisions of the Treating Physician Rule. Further, under the circumstances present here and the proper application of the Treating Physician Rule, any finding that the claimant had a residual functional capacity greater than sedendary would not be supported by substantial evidence.

The failure to respect and enforce the Treating Physician Rule appears not to have been an oversight or an accident, but a deliberate attempt to avoid a finding of disability effectively mandated by a proper application of the Treating Physician Rule. Indeed, in the course of the administrative hearing after the reversal of the ALJ's first order, the ALJ stated to the claimant's attorney that he did not agree with the opinions of Dr. Hamilton. The claimant's attorney correctly pointed out that the ALJ could disagree with a treating physician's opinion so long as it is based "on medical evidence." The ALJ responded, "well, guess what, that's what I'm going to do." Tr. 669. The ALJ further stated he was not required to follow the opinions of a treating

physician "unless I go out and get a pile of contrary medical opinion."[1] Tr. 670.

As the Fourth Circuit and this Court have repeatedly stated, an ALJ is not allowed to substitute his medical opinions for those of medical providers. The ALJ must rely on the acceptable medical opinions offered in the record and those opinions must be weighed in accord with the Treating Physician Rule. The ALJ is not entitled simply to reject opinions in which he personally disagrees.

This second ALJ decision also reflects a disturbing lack of respect for the basic rule that a federal administrative agency must follow the orders and directives of the United States District Court in matters subject to judicial review. The ALJ's conduct in this matter reflects nothing less than an open defiance of this fundamental principle of law. This Court will not tolerate defiance of its rulings and is prepared to take necessary action to prevent this type of conduct in the future. To avoid any question regarding notice to the agency and the ALJ in this matter, counsel for the agency is directed to forward this order to the ALJ and to advise that the Court has directed the ALJ to read the order.

**Remedy**

The Magistrate Judge recommends that this Court award DIB since substantial evidence does not exist to support the Commissioner's decision with the proper application of the Treating Physician Rule. This Court's general practice is to remand decisions to the Commissioner for

---

[1] This comment by the ALJ is deeply disturbing since it reflects an attitude wholly inconsistent with the role of the ALJ as a neutral judicial officer. The ALJ, of course, should never be an advocate for the position of any party. Consequently, he should never "go out and get a pile of contrary medical opinion" or ignore controlling law simply to produce an outcome he prefers. The ALJ's duty is to apply the law to the factual record before him and not place his thumb on the scale of justice to produce an outcome that he or the agency which employs him desires.

further administrative action, but it is well settled that the District Court has the authority to award benefits. 42 U.S.C. § 405(g). An award of benefits by the District Court is appropriate where the record is fully developed and it is clear the Commissioner would be required to award benefits on remand. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001); *Williams v. Comm'r of Soc. Sec.*, 104 F. Supp. 2d 719, 721 (E.D. Mich. 2000). This is particularly true where there has been a significant lapse of time in the administrative processing of the claim. *Holohan*, 246 F.3d at 1210; *Podedworny v. Harris*, 745 F.2d 210, 223 (3rd Cir. 1984).

The disability issue in dispute in this appeal is quite a narrow one. The ALJ has concluded that the claimant was capable of performing less than the full scope of light work. A proper application of the Treating Physician Rule in this record would result in a finding that there is not substantial evidence to support such a finding. A finding that the claimant was capable of sedentary work, as opined by Dr. Hamilton, would result in a finding of disability. Under these circumstances, reversal and remand to the agency to address for a third time the issues raised in this appeal would be an act of futility. After nearly seven years of administrative processing, enough is enough. The proper remedy is an award of benefits.[2]

## Conclusion

Based on the foregoing, the Court adopts the R & R of the Magistrate Judge as the order

---

[2] The Commissioner argues that the proper action for the District Court is to remand this matter again to the Commissioner as a proper show of deference to the administrative agency. (Dkt. No. 25). Where, as here, it is quite clear that the claimant is entitled to a disability finding as a matter of law and the ALJ deliberately ignored the prior order of this Court, the remand to the administrative agency would be a completely futile act that would unnecessarily protract this matter. Simple justice mandates the result recommended by the Magistrate Judge and adopted by this Court.

of this Court, as further elaborated herein. The decision of the Commissioner is reversed, pursuant to Sentence Four of 42 U.S.C. § 405(g), and remanded to the agency with the direction to award disability insurance benefits with an onset date of August 1, 2010 through September 30, 2013.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

August 23, 2017
Charleston, South Carolina